IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2023 Session

## MIKE SNODGRASS v. AHA MECHANICAL CONT. LLC

**Appeal from the Circuit Court for Shelby County**
**No. CT-005346-14  Robert Samual Weiss, Judge**

_____

### No. W2022-00105-COA-R3-CV

_____

Plaintiff, Defendant's former employee, filed suit under the Fair Labor Standards Act alleging that he had suffered a loss of overtime wages.  The trial court entered a judgment denying Plaintiff any recovery.  For the reasons stated herein, we conclude that the trial court's findings are insufficient.  Although under the specific circumstances presented here we would generally remand the case to allow the trial court an opportunity to more clearly state its findings, as well as offer specific findings and conclusions in reference to the appropriate legal standards, the judge who tried this case is no longer on the bench.  Accordingly, we are compelled to vacate the judgment and remand for a new trial on the question of whether Defendant improperly denied Plaintiff overtime pay.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and JEFFREY USMAN, JJ., joined.

Steven Wilson and Matt Gulotta, Memphis, Tennessee, for the appellant, Mike Snodgrass.

Scott A. Frick, Memphis, Tennessee, for the appellee, AHA Mechanical Contractors, LLC.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

This appeal concerns Appellant Mike Snodgrass' pursuit of relief under the Fair Labor Standards Act ("FLSA"), namely, whether his former employer, AHA Mechanical Contractors, LLC ("AHA"), violated his right to overtime pay. In a prior appeal regarding this matter, which stemmed from the trial court's initial decision to deny relief to Mr. Snodgrass, this Court held that it could not determine whether the trial court had applied the correct legal standard or burden of proof in the case. *Snodgrass v. AHA Mech. Cont. LLC*, No. W2017-01401-COA-R3-CV, 2018 WL 3302376, at *3 (Tenn. Ct. App. July 5, 2018). As a result, we vacated the trial court's judgment and remanded for further proceedings, instructing specifically as follows: "[T]he trial court must evaluate the evidence under the applicable standard, applying the correct burden(s) of proof, and the trial court's order must reflect that it has done so." *Id.*

On remand, the trial court concluded that Mr. Snodgrass had introduced evidence establishing that he was underpaid for certain work. Nevertheless, the trial court also concluded that AHA had tendered evidence "to negate the reasonableness of the inference to be drawn from [Mr. Snodgrass'] evidence." Therefore, as before, the trial court ultimately rejected Mr. Snodgrass' attempt to recover overtime pay. The present appeal then followed, with Mr. Snodgrass challenging the trial court's holding that AHA had negated the reasonableness of the inference to be drawn from his evidence, while also assigning error to the methodology employed by the trial court in calculating unpaid overtime. For its part, AHA has not raised any issues in this appeal.

Unfortunately, the judgment entered by the trial court on remand fares little better overall than the order we reviewed in the first appeal. A fundamental problem exists in the methodology the trial court employed for considering questions of overtime under the FLSA. Indeed, the approach manifested by the trial court shows an ultimate concern for total hours worked, or not worked, over the entirety of Mr. Snodgrass' employment as opposed to whether he worked over forty hours in any particular workweek. Specifically, whereas the trial court's judgment initially provides a cumulative calculation of the number of overtime hours that Mr. Snodgrass purportedly worked over the entire course of his employment based on certain evidence introduced at trial,[2] the trial court's judgment later notes that Mr. Snodgrass' pursuit of recovery should be denied because "there was as much time not working pursuant to the records that were submitted as was the alleged overtime." Insofar as the judgment admits, this assessment and finding was made in reference to the aggregate period of Mr. Snodgrass' employment with AHA. This approach was an inappropriate and insufficient basis upon which to deny any and all claims for overtime.

would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] As an aside, we respectfully are unable to discern from the trial court's judgment how it arrived at the specific calculation it did based on other included findings from which the calculation was purportedly derived.

As noted by Mr. Snodgrass on appeal as it relates to the matter of overtime under the FLSA, a new cause of action accrues with the receipt of every paycheck. *Taylor v. Pilot Corp.*, No. 2:14-cv-2294-SHL-tmp, 2018 WL 10550646, at *1 (W.D. Tenn. Mar. 8, 2018). Moreover, "the FLSA calculates overtime liability on a week-by-week basis," *McGrath v. City of Somerville*, 419 F.Supp.3d 233, 260 (D. Mass. 2019), with an individual workweek being the FLSA's "basic unit of measurement." *Id.* (quoting *Rudy v. City of Lowell*, 777 F.Supp.2d 255, 260 (D. Mass. 2011)). Further, as also observed by Mr. Snodgrass, several federal regulations are instructive as to the importance of restricting the overtime analysis to individual workweeks. 29 C.F.R. § 778.103, for instance, provides in pertinent part as follows:

> If in any workweek an employee is covered by the Act and is not exempt from its overtime pay requirements, the employer **must total all the hours worked by the employee for him <u>in that workweek</u>** (even though two or more unrelated job assignments may have been performed), and pay overtime compensation for each hour worked in excess of the maximum hours applicable under section 7(a) of the Act.

(emphases added). Moreover, per 29 C.F.R. § 778.104, each workweek stands alone:

> The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks. Thus, **if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the 2 weeks is 40.** This is true regardless of whether the employee works on a standard or swing-shift schedule and regardless of whether he is paid on a daily, weekly, biweekly, monthly or other basis. The rule is also applicable to pieceworkers and employees paid on a commission basis. It is therefore necessary to determine the hours worked and the compensation earned by pieceworkers and commission employees on a weekly basis.

(emphasis added).

When a member of the judicial panel asked AHA's counsel at oral argument as to whether it was in fact true that the FLSA requires that a calculation be made of each pay period, counsel responded, "That is correct." As it is, however, as we noted earlier, the trial court's judgment evidences that it initially attempted to arrive at a cumulative calculation derived from data across the entirety of Mr. Snodgrass' employment. This approach clearly contravenes the principle that each workweek stands alone. Moreover, in our view, it would not matter if, in some of Mr. Snodgrass' workweeks, he was paid for a full forty-hour workweek even if he did not work a full forty-hour schedule; that is to say,

such facts should not militate against an overtime claim concerning another workweek where overtime was earned but not paid. Again, "the FLSA calculates overtime liability on a week-by-week basis." *McGrath*, 419 F.Supp.3d at 260. Of note, in one recent decision, a federal district court rejected an employer's suggestion that an aggregated approach to liability be considered, one "in which an overpayment of net wages in a subsequent pay period is interpreted retroactively as a correction for the underpayment in the first pay period." *Gaul v. Accura Health Ventures, LLC*, --- F.Supp.3d ----, No. 4:22-cv-00154, 2023 WL 312369, at *6 (S.D. Iowa Jan. 18, 2023). As that court stated, "[Employer] did not cure the FLSA problem created by undercalculating the overtime rate in Pay Period 1B by accidentally paying too much in net wages in Pay Periods 2B and 3B." *Id.*

Of course, the trial court's broad approach to the question of overtime continued in this case when it generally accredited some of AHA's evidence concerning "non-work related time" but failed to provide any findings regarding the particular workweek or workweeks to which the referenced "non-work related time" hours corresponded. In light of this fact and the above discussion in general, the trial court's judgment clearly fails to sufficiently and appropriately address the question of whether Mr. Snodgrass is entitled to any overtime compensation. Further findings are needed, as the trial court failed to appropriately cabin its analysis and consider whether overtime liability was established with respect to any particular workweek. The need for further findings remains in the case even assuming, arguendo, that we could otherwise rely on certain summary benchmark data outlined in the judgment. Indeed, even though that data on its face reflects the amount of time Mr. Snodgrass purportedly worked in individual workweeks per certain evidence, the trial court's judgment shows that it ultimately did not regard all of that purported time to be compensable on the basis of evidence AHA had offered as to "non-work related time." The rub is that, as we have alluded to, there are no findings establishing to which workweek or workweeks the trial court's identified "non-work related time" related. The trial court simply did not address this question directly, and there is thus a looming need for specific findings on the matter by the trial court,[3] as well as on the accompanying calculation of overtime, if any, on a week-by-week basis.

Despite the fact that the appealed judgment raises the need for more detailed and sufficient findings on the part of the trial court judge who adjudicated this case, including additional insight as to which specific hours the trial court judge determined to be "non-work related time," we observe that the judge who presided over the case has now left the bench. A remand for further findings by that judge, therefore, is unavailable. Given this posture, we are of the opinion that the appropriate course of action is to vacate the judgment

---

[3] We note that AHA has argued that some of the determinations in this case hinge on credibility. With that in mind, and having obviously not heard the proof at issue, we are of the opinion that it would be ill-advised to independently review the evidence in an attempt to fill in gaps in findings left by the trial court's judgment.

- 4 -

and remand for a new trial. We reach such a conclusion, as we have in other appeals,[4] under the authority of Rule 36 of the Tennessee Rules of Appellate Procedure, which authorizes appellate courts to "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires." Tenn. R. App. P. 36.

As a final point in closing, we observe that there has been a dispute between the parties as to how Mr. Snodgrass' pursuit of recovery should be impacted by lunch or meal breaks, or lack thereof. As to this question generally, we note that the appropriateness of a time deduction for meal breaks will of course depend on what the proof on remand shows concerning same. The Sixth Circuit has previously stated as follows concerning the effect meal breaks have on compensability:

> "Time spent predominantly for the employer's benefit during a period, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the [FLSA]." *F.W. Stock & Sons, Inc. v. Thompson,* 194 F.2d 493, 496–97 (6th Cir.1952). But "[a]s long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA." *Hill,* 751 F.2d at 814.

> Whether time is spent predominantly for the employer's or the employee's benefit depends on the totality of the circumstances.

*Ruffin v. MotorCity Casino*, 775 F.3d 807, 811 (6th Cir. 2015).

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is hereby vacated, and the case is remanded for a new trial concerning whether AHA violated Mr. Snodgrass' claimed right to overtime pay.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[4] For instance, in *In re Estate of Oakley*, a case where a remand to the trial court to make requisite findings of fact was not available due to the retirement of the judge who tried the case, we invoked Rule 36 and determined that the trial court's failure to provide sufficient findings to afford us a clear understanding of the basis of its decision required that the judgment be vacated and that the matter be remanded for a new trial. *In re Estate of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *1, 12-13 (Tenn. Ct. App. Feb. 10, 2015).